IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Patricia L. Amos, et al.,          :

   Plaintiffs,          :

   v.          :          Case No. 2:05-cv-70

PPG Industries, Inc., et al., :          JUDGE MICHAEL H. WATSON
          Magistrate Judge Kemp
   Defendants.          :

<u>OPINION AND ORDER</u>

 This matter is before the Court on plaintiffs' motion for leave to file a sixth amended complaint. (Doc. #148). For the reasons set forth below, plaintiffs' motion will be granted.

## I. <u>Background</u>

 The putative class of plaintiffs in this case consists of former PPG employees and spouses of deceased PPG employees who receive medical benefits from PPG provided pursuant to collective bargaining agreements negotiated by various labor unions on their behalf. In 2001, PPG announced its intention to shift some of the cost of these medical benefits to the retired workers and survivors. Plaintiffs filed the present action seeking damages as well as declaratory and injunctive relief requiring PPG to cover the entire cost of the medical benefits.

 Currently before the Court for consideration is plaintiffs' motion for leave to file a sixth amended complaint. In the motion, plaintiffs seek to amend the class action complaint to make three changes. First, plaintiffs seek to add two new defendants, Georgia Gulf Corporation and Axiall Corporation. Plaintiffs seek to add these entities based on their allegation that, in January 2013, "proposed Defendant Georgia Gulf Corporation ('Georgia Gulf') became or spun off proposed Defendant Axiall Corporation ('Axiall') when it merged with the chlor-alkali and derivatives business of Defendant PPG

Industries, Inc. ('PPG Industries')."  (Doc. #149 at 2-3).
Plaintiffs claim that when this merger occurred, Georgia Gulf and
Axiall assumed liability for a portion of the retiree medical
benefits at issue in this case.  Next, plaintiffs seek to remove
two class representatives, Eldon Bailor and James Bonner.
According to plaintiffs, it "recently became evident that
Plaintiffs Bailor and Bonner may no longer be adequate
representatives of the class."  <u>Id.</u> at 3.  Finally, based on the
"possibility that the adequacy of current class representatives
would be questioned due to their advancing age and associated
health conditions," plaintiffs seek to add the following new
class representatives:  Alex Olysyk, Bill Zuzik, Arthur Ramoz,
Arthur DeBoard, Bob Ratleff, and Willena Henson.  <u>Id.</u>

Defendants oppose plaintiffs' motion for leave to file a
sixth amended complaint for several reasons, all of which are
focused on the proposed addition of Georgia Gulf and Axiall as
defendants.  First, defendants argue that the motion was unduly
delayed.  Defendants argue that plaintiffs fail to "explain why
they waited almost a full year" to attempt to add Georgia Gulf
and Axiall when plaintiffs allege that those entities assumed
responsibility for a portion of the benefits in January 2013.
(Doc. #153 at 3).  Defendants also argue that they would suffer
prejudice if amendment is allowed.  In particular, defendants
allege that amendment "would significantly delay resolution of
the dispute" and "would require PPG to expend significant
additional resources to conduct discovery and prepare for trial."
<u>Id.</u> at 3.

Next, defendants argue that the motion should be denied
because plaintiffs have not satisfied the pleading requirements
of Fed. R. Civ. P. 8(a)(2).  Defendants claim the proposed
amended complaint fails to "allege facts to support the legal
conclusion that Georgia Gulf and Axiall are responsible for the

2

retirement medical benefits . . . . " <u>Id.</u> at 6.  Alternatively,
defendants assert that "[e]ven assuming for purposes of
Plaintiffs' Motion that Georgia Gulf and Axiall assumed
responsibility for 'certain . . . post-retirement welfare benefit
obligations' in January, 2013, Plaintiffs do not allege facts
demonstrating that they are responsible, even in part, for PPG's
alleged violation of expired collective bargaining agreements in
2001." <u>Id.</u>  Defendants also argue that plaintiffs have failed to
allege facts indicating that they cannot be accorded relief
without Georgia Gulf and Axiall, as required by Fed. R. Civ. P.
19(a)(1)(A).

Last, defendants assert that the motion for leave to amend
must be denied because it would be futile.  Defendants maintain
that the proposed amended complaint cannot survive a motion to
dismiss because

> Plaintiffs assume that Georgia Gulf and/or Axial [sic]
> are responsible for the retiree health care benefits for
> persons retiring from PPG's chlor-alkali and derivatives
> facilities . . . , but they do not plead any facts to
> support that assumption.  Nor, as discussed above, do
> Plaintiffs allege facts indicating that just because
> Georgia Gulf and/or Axiall assumed responsibility for
> certain retiree medical benefits after January, 2013,
> these entities should be liable for, or joined as
> defendants concerning PPG's alleged violation of expired
> collective bargaining agreements in 2001.

(Doc. #153 at 9).  Defendants contend that plaintiffs fail to
make even "threadbare recitals" of the elements of a cause of
action and they fail to provide a factual basis for their claims.
<u>Id.</u>  For these reasons, defendants request that the Court deny
plaintiffs' motion for leave to amend to the extent that
plaintiffs seek to add Georgia Gulf and Axiall as defendants.

In reply, plaintiffs note that defendants' opposition "does
not take issue with" their proposed removal of Mr. Bailor or Mr.
Bonner as class representatives, nor does it oppose the addition

of the new class representatives. (Doc. #154 at 1). Plaintiffs, therefore, request that these proposed amendments "be allowed as a matter of course." Id.

As to the proposed addition of Georgia Gulf and Axiall as defendants, plaintiffs assert that defendants make "no persuasive case as to why this part of the amendment should be denied." Id. at 2. Plaintiffs argue that they sought leave to amend in a timely manner. They assert

> although the subject merger occurred in January 2013,
> counsel for PPG never informed counsel for Plaintiffs of
> this development. Counsel for Plaintiffs only learned or
> the merger in or about August or September 2013.
> Thereafter, counsel sought and obtained public documents
> pertaining to the merger. Only upon reviewing these
> documents in November 2013 did counsel learn that Georgia
> Gulf and Axiall had acquired liability for some of the
> benefits at issue in this litigation. After also
> finalizing points regarding the new additional proposed
> class representatives, Plaintiffs promptly moved for
> leave to amend on December 12, 2014 [sic].

Id. at 3 (internal citations omitted). Based upon these circumstances, plaintiffs argue that they have not engaged in any undue delay and have acted in good faith. Plaintiffs further argue that any delay has not caused defendants to suffer prejudice because "discovery is not set to close until July 30, 2014, and dispositive motions are not due until August 30, 2014." Id.

In addition, plaintiffs argue that they have satisfied the pleading requirements of Fed. R. Civ. P. 8(a)(2) and 19(a). Plaintiffs assert that defendants' website discloses the merger and has a prospectus which provides that "[t]he principal post-retirement welfare benefit liabilities to be assumed by Georgia Gulf related to retirees associated with the PPG Chlor-alkali and Derivatives Business are obligations to provide retiree health benefits." Id. at 5-6. Plaintiffs contend that because Georgia

4

Gulf and Axiall purportedly assumed liabilities for defendants' retiree health benefits, "complete relief cannot be granted without their joinder." Id. at 6.

Defendants filed a sur-reply again opposing plaintiffs' motion for leave to file a sixth amended complaint. Defendants argue that the website information cited by plaintiffs is of no consequence because defendants maintain liability for the medical benefits at issue this lawsuit, and Axiall's liability is limited to retiree medical benefits that arise after the date of the merger. Defendants cite to the "Employee Matters Agreement" and attach the "Excluded Benefits Liabilities" provision of that agreement, along with the definition of the term "excluded benefits liabilities" from that agreement. (Doc. #158 at 2-3). According to defendants, this evidence demonstrates that neither Georgia Gulf nor Axiall assumed responsibility for the benefits at issue in this case.

Plaintiffs filed a motion for leave to file a response to defendants' sur-reply, which will be granted. (Doc. #161). In a document they refer to as their "sur-sur-reply," plaintiffs claim that "admissions in PPG's Surreply establish that Georgia Gulf and Axiall are very much implicated and involved in this lawsuit, and that Plaintiffs should be given leave to amend their Complaint to add Georgia Gulf and Axiall as defendants." Id., Ex. 1 at 1. According to plaintiffs

> PPG apparently misapprehends Plaintiffs' claims in this litigation. The Georgia Gulf merger occurred in January 2013. Plaintiffs are not merely seeking relief for injuries that the Chlor-alkali and Derivatives and other retirees suffered before January 2013. Plaintiffs also seek damages for injuries suffered after that date. PPG argues that if Plaintiffs prevail, PPG's liability will be 'determined by reference to benefits contained in the Collective Bargaining Agreements that were expired at the time this case was initiated.' That may well be, but those same agreements will also establish the liability of Georgia Gulf and Axiall for damages incurred by

retirees after January 2013.

Id. at 2.  For this reason, and because they seek "substantial injunctive and declaratory relief" in addition to damages, plaintiffs maintain that Georgia Gulf and Axiall should be added as defendants.  Id. at 3.

## II. Standard of Review

Fed. R. Civ. P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires."  The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 91 S. Ct. 795, 28 L. Ed.2d 77 (1971), decisions which give substantial meaning to the phrase "when justice so requires."  In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial. Expanding upon those decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994)(citing Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau, 786

6

F.2d 101, 103 (2d Cir. 1986)); see also Moore v. Paducah, 790 F.2d 557, 562 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637, 639-40 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43, 48 (6th Cir. 1986) (per curium), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals also has identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579, 591 (6th Cir. 1990); Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

III. Discussion

As an initial matter, the Court notes that defendants oppose only the portion of the motion for leave to amend that seeks to add Georgia Gulf and Axiall as defendants. Finding good cause exists for plaintiffs' request to amend the complaint to remove Eldon Bailor and James Bonner as class representatives and to add

7

Alex Olysyk, Bill Zuzik, Arthur Ramoz, Arthur DeBoard, Bob
Ratleff, and Willena Henson as class representatives, the Court
will in its discretion grant the motion for leave to amend as to
those proposed changes.  The sole issue remaining for
consideration is whether plaintiffs may amend their complaint to
add the new defendants.

As set forth above, defendants generally make three
arguments as to why the Court should deny the requested
amendment.  First, defendants argue that plaintiffs unduly
delayed filing a motion for leave to amend.  Next, defendants
argue that they will suffer prejudice if amendment is allowed.
Finally, defendants argue that the proposed pleading is so
deficient that it would be futile.  Because delay, of itself, is
not a reason to deny leave to amend, the Court first examines
whether there exists delay with demonstrable prejudice that may
justify denial.  After doing so, the Court will examine whether
the proposed amendment would be futile.

According to plaintiffs, their counsel first became aware
that Georgia Gulf and Axiall could be potential defendants in
November 2013 and subsequently filed the motion for leave to
amend in December 2013.  Thus, plaintiffs demonstrate good cause
for when they filed the motion.  The fact that the merger took
place in January 2013 does not alter this finding because
plaintiffs' counsel was unaware of both the merger and the
potential liability for Georgia Gulf and Axiall at that time.
Consequently, the Court finds no undue delay in filing the motion
for leave to amend the complaint.  See, e.g., American Gen. Life
Ins. Co. v. Altman Family Ins. Trust ex rel. Altman, No. 08-399,
2009 WL 5214027, at *3 (D.N.J. Dec. 22, 2009) (finding no undue
delay where plaintiff filed a motion for leave to amend one month
after discovering the information leading to the proposed
amendment).

Further, even if undue delay existed in this case, defendants fail to demonstrate that allowing the amendment would cause them to suffer prejudice.  Defendants advance only general arguments with respect to prejudice and fail to demonstrate that the amendment would cause them to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of this dispute.  As plaintiffs point out, there exists considerable time prior to the close of discovery and the deadline for dispositive motions. Accordingly, the Court will not deny the motion on the basis of undue delay or prejudice.  See Phelps, 30 F.3d at 662-63. Further, the addition of the new defendants would not appear to change any of the legal issues surrounding plaintiffs' original claims; at most, it introduces a factual issue about the extent to which the new defendants may have assumed liability for any sums awarded, which does not appear to be so complex that its resolution would delay the completion of discovery.

Finally, defendants raise arguments as to the sufficiency of the pleading and whether it would be able to survive a motion to dismiss.  On this basis, defendants urge the Court to deny the motion for leave because amendment would be futile.  In support of their position, defendants attach and cite to evidence which they allege demonstrates that Georgia Gulf and Axiall are not proper defendants.  In doing so, defendants fail to recognize that the Court's inquiry in examining a motion for leave to amend, as well as a motion to dismiss, is limited to the face of the pleading.  Stated another way, the Court is not permitted to look beyond the four corners of the proposed pleading when determining whether amendment would be futile.  See Roth Steel Prod. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). Thus, the Court may not consider defendants' evidence in deciding whether to allow the amendment.

It is proper for a party to challenge a proposed amended complaint on grounds that it fails to state a claim upon which relief can be granted, and defendants have done that also. However, there is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile.  A Magistrate Judge cannot ordinarily rule on a motion to dismiss, <u>see</u> 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.  Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." <u>Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.</u>, 715 F. Supp. 578, 581 (S.D.N.Y. 1989).  Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

Here, plaintiffs allege that Georgia Gulf and Axiall assumed liability for at least a portion of the medical benefits at issue when the January 2013 merger took place.  Based upon these allegations, the Court finds in its discretion that the inclusion of Georgia Gulf and Axiall as defendants is at least arguably proper.  Consequently, the Court will permit the amendment.  To the extent that defendants wish to further contest the propriety of Georgia Gulf and Axiall as defendants, they may do so in

10

response to the complaint, and, given that they apparently have factual evidence they wish the Court to consider, they may also file a motion for summary judgment. For these reasons, the Magistrate Judge will not deny the motion for leave to amend on the grounds of futility, but expresses no view on whether a Rule 12(b)(6) motion or summary judgment motion might ultimately prove to be meritorious.

IV. <u>Conclusion</u>

For the reasons set forth above, plaintiffs' motion for leave to file a response to defendants' sur-reply is granted (Doc. #161) and plaintiffs' motion for leave to file a sixth amended complaint is granted (Doc. #148). Plaintiffs shall file an amended complaint identical in content to Exhibit A to the motion within fourteen days. Defendants' motion for oral argument on the motion for leave to amend (Doc. #162) is denied.

V. <u>Appeal Procedure</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge