UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRICIA L. AMOS, JAMES S. HUTCHISON, SALLY JONES, GEORGE OWENS, TERRY TAYLOR, JOHN FOSTER, ALEX OLSZYK, JOHN W. ZUZIK, ARTHUR RAMOZ, ROBERT RATLEFF, JOHN P. DETTY, VIRGINIA BAKEMAN, WILLIAM BRISON, MARK BRYAN, SHIRLEY M. BRYAN, RICHARD FISCHER, LINDSAY T. GRANGER, EDWARD LUCENTE, and RICHARD ROSS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.;<br>PPG INDUSTRIES OHIO, INC.;<br>PPG RETIREMENT PLANS; GEORGIA GULF CORPORATION; AXIALL CORPORATION; and JOHN DOES 1 THROUGH 20,<br><br>Defendants | Case No. 2:05-cv-70<br><br>JUDGE MICHAEL H. WATSON<br><br>MAGISTRATE JUDGE TERENCE P. KEMP<br><br><br><br>Class Action<br><br>Demand for Jury Trial |

**RENEWED MOTION BY UAW RETIREES FROM PPG's DELAWARE, OHIO PLANT FOR CERTIFICATION OF A SUBCLASS AND SUPPORTING MEMORANDUM**

Plaintiffs George Owens and Robert Ratleff, by their counsel, respectfully move for certification of a subclass under Rule 23 of the Federal Rules of Civil Procedure.

Plaintiffs Owens and Ratleff seek certification of a Delaware Retiree Subclass consisting of a subset of persons who are included within the definition of the general class which is represented by all named Plaintiffs including Owens and Ratleff.  A renewed motion for class

1

certification of the general class was filed by Plaintiff Owens, Ratleff and the other named Plaintiffs on May 9, 2017 (ECF 378).

Certification of the Delaware Retiree Subclass is sought for members of the general class who are retirees, spouses, surviving spouses and eligible dependents of persons who were employed by PPG at its Delaware, Ohio facility and retired on and after February 16, 1986 but before February 3, 2014, who were represented by the UAW during their employment, and who are eligible for retiree health coverage under the terms of collectively bargained agreements and provisions between UAW and PPG. In addition, the Subclass includes surviving spouses of active employees who have died before final judgment in this litigation and who at the time of their death worked at the Delaware facility on or after February 19, 1995, were represented by UAW, and had attained retirement age, making their spouse eligible for retiree medical coverage pursuant to the terms of collectively bargained agreements and provisions between UAW and PPG (collectively, "Delaware Retiree Subclass")

1. The Delaware Retiree Subclass seeks certification of their subclass in order to seek relief for an additional claim, not shared with the general class, which is unique to them. The claim for which the Delaware Retiree Subclass seeks certification as a Subclass is the enforcement of language incorporated into the relevant Delaware Collective Bargaining Agreements (CBAs): 1986-1989 CBA (ECF 280-4); 1989-1992 CBA (ECF 280-5); 1992-1995 CBA (ECF 280-6); 1995-1998 CBA (ECF 280-7); 1998-2001 CBA (ECF 280-8); 2001-2004 CBA (ECF 280-12), 2004-2007 CBA (ECF 280-13), 2007-2013 CBA (ECF 280-14) and 2014-2019 CBA (ECF 280-15)

2. These Agreements were the subject of the Delaware Retiree Subclass' motion for partial summary judgment which this Court denied without prejudice to refile in its November 17,

2016 Opinion and Order (ECF 360, p. 7)

3. The Subclass includes retirees who retired after February 16, 1986 (and their dependents) because the Delaware CBAs restrict entitlement to retiree insurance benefits that extend beyond Medicare eligibility to those retirees who retired after February 16, 1986. Participation in the Subclass ends with those retirees who retired before February 3, 2014 because PPG is providing the retiree insurance benefits provided in the Delaware CBA to retirees who have retired since February 3, 2014.

4. The Delaware Retirees Subclass meets the requirements of Rule 23.

5. Delaware Retirees' Memorandum below addresses the reasons that the Delaware Retirees Subclass and Claims should be certified.

WHEREFORE, Plaintiffs respectfully request that this Court certify the Delaware Retirees' Subclass as a class satisfying the requirements of Rule 23, certify George Owens and Robert Ratleff as Class representatives of the Delaware Retirees Subclass, and appoint Plaintiffs' counsel as Class Counsel.  A proposed order is attached.

**DELAWARE RETIREES' MEMORANDUM
<u>IN SUPPORT OF  CERTIFICATION OF THEIR SUBCLASS</u>**

**I.      <u>INTRODUCTION</u>**

Delaware Retirees are those members of the general class who were represented by the UAW and retired from PPG's Delaware, Ohio facility on and after February 16, 1986 but before February 3, 2014 (and their spouses, surviving spouses, eligible dependents, and the surviving spouses of active employees represented by the UAW who worked at the Delaware facility and were eligible to retire under the pension plan at the time of their death).  All members of the proposed Delaware Retirees Subclass share with the broader class their claims that effective August 1, 2001 and continuing to the present, PPG impermissibly terminated the vested health

care coverage provided in the CBAs under which they retired and replaced it with a new Retiree Plan as to which it claimed the right to change benefits and increase cost-sharing at any time, something it regularly did. PPG further has since that date claimed the right to terminate the class members' health benefits altogether at any time, and it has terminated the new Retiree Plan for retirees age 65 and over and replaced it with a health reimbursement account to which it contributes only $125 per month.

In addition to their shared claim that PPG impermissibly reduced vested retiree insurance benefits, the Delaware Retirees have an additional and independent claim not shared by the remainder of the class. That claim is that by reducing retiree insurance benefits PPG has breached the Delaware CBAs in effect from 2001 through January, 2019 by violating explicit language in those CBAs which confers continuing health care benefits on retirees who retired under past CBAs as well as on retirees who retire under the current CBA. Delaware Retirees base their claim on Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 which provides federal courts with jurisdiction over actions for breach of collective bargaining agreements and Section 502 of ERISA, 29 U.S.C. § 1132 which empowers plan participants and beneficiaries to sue to recover benefits due them under the terms of an ERISA plan. Because they have this additional and independent claim that does not implicate the vesting argument, the Delaware Retirees should be certified as a Subclass.

Courts regularly certify persons who have the same claims in a general class and persons who have additional or unique claims in subclasses. *See,* e.g., *Anda v. Roosen Varchetti & Olivier*, 2016 WL 7157414 at *1-7 (W.D. Mich., Oct. 31, 2016), where the court certified a general class and subclasses of members of the general class; *Dockery v. Fischer, No.* 2015 WL 5737608, at 19 (S.D. Miss., Sept. 29, 2015) where the court certified a "general class and three subclasses;" and

*M.D. v. Perry*, 294 F.R.D. 7 (S.D. Tex. 2013), where the court certified a general class of foster care children in Texas, as well as separate subclasses which included class members in the general class who also had additional claims.

## II.   ARGUMENT

### A.   A Subclass Is Appropriate For Delaware Retiree Class Members Because They Have An Additional And Different Claim For Retiree Insurance Benefits

The Sixth Circuit has made it clear that "District courts have broad discretion in determining whether to bifurcate proceedings or divide a class action into subclasses." *Randleman v. Fid. Nat'l Title Ins.Co.*, 646 F.3d 347 (6th Cir. 2011)[1]  Further, the Sixth Circuit has also observed in a retiree insurance case that "it may be that the best remedy to both the purportedly atypical claims and defenses would be to create subclasses." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997).  Numerous courts have used Rule 23(c)(5) of the Federal Rules of Civil Procedure to certify subclasses where a sub-set of class members has additional, different claims, or it faces different defenses than class members in the overall class.  In *Baker v. Castle & Cooke Homes Haw., Inc.*, 2014 U.S.Dist.LEXIS 58675 *36 (D. Haw. Apr. 28, 2014), class members relied on four different warranties.  Relying in part on *Bittinger, supra*, the district court stated that "When confronted with differences in the terms of various class members' warranty agreements, courts typically find it 'more appropriate to create subclasses rather than deny certification outright.'"

In *Boone v. City of Phila.*, 668 F.Supp.2d 693, 706 (E.D. Pa. 2009), the district court observed "When class members have different claims or defenses or have conflicting or

---

[1] A court also has the authority to *sua sponte* modify the plaintiffs' proposed class definition. *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F3d 592, 619 (6th Cir. 2007); *Barry v. Corrigan*, 79 F. Supp. 3d 712, 730 (E.D. Mich. 2015)

5

antagonistic interests, subclasses are appropriate." (*citing Amchem Prods. v. Windsor*, 521 U.S. 591, 627 (1997)) Similarly, in *Buus v. WaMu Pension Plan*, 251 F.R.D 578 (W.D. Wa. 2008), plaintiff class members were pursuing claims for pension benefits after their plans had converted to cash balance plans, but class members in each of the plans received different notices which had potentially different impacts on their rights. The district court held that "Due to the independent nature of each notice and the possibility of diverging outcomes on the merits, the Court finds it appropriate to divide the class into subclasses consisting of the participants in each converted plan." 251 F.R.D. at 581. The district court noted that subclasses were particularly appropriate because each of the notices applied to "a discrete, easily identifiable subset of Plaintiffs' proposed class." *Id*. *See also Walker v. Life Ins. Co. of the Southwest,* 2012 U.S. Dist. LEXIS 186296 *19 (C.D. Cal. Nov. 9, 2012) (Court based subclasses on legal theories identified by plaintiffs); *In re Pfizer Secs. Litig.*, 282 F.R.D. 38, 54 (S.D.N.Y. 2012) (subclass appropriate to "expedite resolution of the case by segregating a distinct legal issue that is common to some members of the existing class"); *Delandro v. County of Allegheny*, 2011 U.S. Dist. LEXIS 55249 *24 (W.D. Pa. May 24, 2011)(Subclasses appropriate "when class members have different claims or defenses")

In addition to their claim to vested benefits, which they share with all other class members, the Delaware Retirees have this independent claim that PPG owes them continuing insurance benefits that they enjoyed as active employees under the explicit terms of the CBAs in effect from 2001 to the present. Under this theory, Delaware Retirees are entitled to these benefits through the term of the current CBA which runs until January, 2019, whether or not the benefits are vested, i.e. whether or not the benefits would survive the expiration of the CBA. This is a claim that only the Delaware Retirees are making. The class representatives from other locations do not share this claim with the Delaware Retirees. The Delaware Retirees need their own subclass and their own

6

class representatives to advance this claim. Accordingly, a subclass composed of the Delaware Retirees should be certified.

### B. The Delaware Retirees' Subclass Meets The Requirements of Rule 23[2]

Rule 23(c)(5) provides: "When appropriate, a class may be divided into subclasses that are each treated as a class under this rule." As discussed above, the Delaware Retirees are an appropriate subclass. They also meet the requirements of Rule 23.

#### 1. The subclass is so numerous that joinder of all members is impracticable

The Subclass is composed of Delaware Retirees who retired after February 16, 1986 but before February 3, 2014 together with their spouses, surviving spouses, eligible dependents, and the surviving spouses of active employees represented by the UAW who worked at the Delaware facility and were eligible to retire under the pension plan at the time of their death. There are approximately 199 actual retirees, and together with their dependents and survivors, the number of affected individuals exceeds 320. (Declaration of Konrad Young, ECF 280 ¶ 26)  This number of class members is clearly sufficient to satisfy the numerosity requirement of Rule 23. *Young v. Nationwide Mut. Ins.*, 693 F.3d 532, 542 (6th Cir. 2012)(finding that 69 class members satisfies the numerosity requirement and citing *In re American Medical Sys.*, 75 F.3d 1069, 1076 (6th Cir. 1996) which found a class of 35 to be sufficient).

---

[2] Classes in retiree insurance cases are almost always certified.  See cases discussed in Section III, B of Plaintiffs' Renewed Motion for Class Certification and Supporting Memorandum (ECF 378, pp. 11-12) filed May 9, 2017, and incorporated herein by this reference.

**2.    There are questions of law or fact common to the subclass**

Between August, 2001 and the present, the Delaware Group Benefits Plan, which is incorporated into the Delaware CBA, has contained the following provisions with only minor revisions or additions:[3]

> If at the time you retire under the Pension Agreement (other than a Deferred Vested Pension) you are covered for the medical care package under the Program, the following provisions apply:
>
> *(a) Health Care Benefits*
>
> For employees who retire prior to February 18, 1983, such coverage will cease at the end of the month in which retirement occurs. You may convert to a group conversion policy offered by the Claims Administrator if you apply therefor within 30 days after such termination.
>
> For employees who retire after February 18, 1983, the company will maintain Basic Hospital, Basic Medical/Surgical and Major Medical Benefits on a non-contributory basis until such time as you qualify for Federal Medicare Benefits. When you qualify for such benefits, your group coverage will cease and you may convert to a group conversion policy offered by the Claims Administrator if you apply therefor within 31 days after such termination, or do not elect COBRA coverage.
>
> For employees who retire on other than a Deferred Vested Pension after February 16, 1986 the medical care package under the program will be continued at company expense, but will be reduced by any benefits the retiree receives or is eligible to receive from Medicare parts A and B.
>
> For employees who *were hired prior to February 25, 2007 and who* retire on or after May 1, 1992. You must have a minimum of five (5) years of continuous service under the Pension Agreement in order for you and your eligible dependents to continue coverage as a retiree under the Group Medical Benefits Plan. Monthly contributions are listed in the Schedule of Benefits (Section 1.3)

---

[3] Minor changes or additions to the language are shown in italics. Prior to the 2004 CBA, the heading to paragraph (a) was õBasic Hospital, Basic Medical/Surgical and Major Medical Benefits.ö During the 2004 negotiations that language was changed to the current õHealth Care Benefits.ö  During the 2007 negotiations, the parties agreed that employees hired after February 25, 2007 would not be eligible for retiree insurance and added the italicized language in the last two paragraphs that reflect that agreement. No employees hired after February 25, 2007 are included in the Delaware Retirees subclass.

> *For employees hired on or after February 25, 2007:  Your health care coverage terminates on the last day of the month prior to your retirement.  You may be eligible to continue health care through COBRA.  See the COBRA section for details.*

The fundamental common question of law that all Delaware Retirees in the proposed Subclass share is whether, given the continued presence of the above-quoted provisions in all Delaware CBAs from 2001 to the present, PPG has violated these CBAs by removing Delaware Retirees from the Medical Plan provided in the CBAs and placing them in a new Retiree Plan with reduced benefits and increased costs.  The Delaware Retirees contend that because these contractual provisions have remained in each Delaware CBA, PPG was required to provide the retiree insurance specified in these provisions, and it has not.  That is a common question of law sufficient to satisfy the Rule 23 requirement.  *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 853 (6th Cir. 2013) (One common question is sufficient to certify a class.)  *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997) ("[E]ach class member claims that the original collective bargaining agreement guaranteed them lifetime, fully funded benefits.  This common question is all that is required under the Rule.")

### 3. The claims of the Delaware Retirees' class representatives, George Owens and Robert Ratleff, are typical of the claims of the subclass

Under Rule 23, "A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."  *Beattie v. CenturyTel., Inc.*, 511 F.3d 554, 561 (6th Cir. 2007).  The Delaware Retirees Subclass representatives, George Owens and Robert Ratleff, clearly meet this test.

Both Owens and Ratleff retired after February 16, 1986 so, pursuant to the language from the Delaware CBAs quoted above, both are in the class of retirees to whom PPG is contractually committed to provide continuing retiree insurance benefits.  Owens retired from PPG's Delaware,

9

Ohio plant in 1998. (Supplemental Seventh Amended Complaint, ¶13, ECF 375, p. 4). Ratleff retired from the same plant in 2004. (Id. at ¶ 19, ECF 375, p. 5) Both were eligible to receive retiree insurance benefits provided in the Delaware CBA after retirement, and they and their wives received those benefits. (Owens Deposition, pp. 14-17, 33-35, ECF 369-1, pp. 2-3, 6; Ratleff Deposition, pp. 17-18, ECF 369-2, p. 3) After PPG unilaterally changed retiree insurance benefits beginning in 2001, both were removed from the Delaware CBA insurance plan and placed in the new Retiree Plan with higher costs to retirees and reduced benefits. Owens was placed in the new Retiree Plan in August, 2001, when PPG first changed retiree insurance. (Owens Deposition, pp. 16, 20, 41, ECF 369-1, pp. 2, 3, 8) Thereafter, his premium contribution and that of his wife went from $10 per month to $131 per month in 2013, and the deductibles and out-of-pocket maximums that he was required to meet increased substantially. (*Id*. at pp. 37-38, ECF 369-1, p. 7)

Ratleff was covered by the Delaware CBA medical plan when he retired, and he and his wife were required to pay $10 per month in premium. (Ratleff Dep. pp. 17-18, 50, ECF 369-2, pp. 3, 6) He was placed in the new Retiree Plan in 2007, after the duration of the 2004-2007 contract under which he retired.[4] (*Id*. at 40, ECF 369-2, p. 4) By March, 2015, he and his wife were paying $135 per month in premium contribution. (*Id*. at 50, ECF 369-2, p. 6)

---

[4] Under the practice of unilateral changes implemented by PPG in 2001, for those employees who retired during the term of a specific CBA, PPG charged the premium and provided the benefits specified in the CBA under which the retiree retired until PPG and the UAW signed a modified CBA after the next set of negotiations. At that time, PPG removed all retirees who had retired during the term of the prior CBA from the CBA Medical Plan and placed them in the new Retiree Plan with lower benefits and higher costs. (Declaration of Konrad Young, ¶¶ 26-27, ECF 280, pp. 21-22) As Ratleff retired under the 2004-2007 CBA, he was removed from the CBA Medical Plan in 2007 after PPG and the UAW had agreed to the 2007-2013 CBA.

As Owens and Ratleff both retired after February 16, 1986, they, like all other members of the Delaware Retirees subclass, are entitled to continuing retiree insurance benefits under the following contractual language that has been included in the Delaware CBA from 2001 to the present:

> For employees who retire on other than a Deferred Vested Pension after February 16, 1986 the medical care package under the program will be continued at company expense, but will be reduced by any benefits the retiree receives or is eligible to receive from Medicare parts A and B.
>
> For employees who *were hired prior to February 25, 2007 and who* retire on or after May 1, 1992. You must have a minimum of five (5) years of continuous service under the Pension Agreement in order for you and your eligible dependents to continue coverage as a retiree under the Group Medical Benefits Plan. Monthly contributions are listed in the Schedule of Benefits (Section 1.3)

Further, like all other subclass members, both were removed by PPG from the medical plan provided in the CBAs, both were placed by PPG in a new Retiree Plan which provided reduced benefits and imposed costs greater than those specified in the CBA medical plan, and, beginning in 2017, both were removed from the new Retiree Plan and provided with a health reimbursement account to which PPG contributes only $125 per month. (Supplemental Seventh Amended Complaint, ¶ 39, ECF 375, p. 9) Thus both Owens and Ratleff have been treated by PPG the same as all other subclass members, and their individual claims are based on the same legal theory as the other subclass members.

### 4. Subclass Representatives Owens and Ratleff will fairly and adequately represent the subclass

As the Sixth Circuit, following the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350, n.5 (2011), has observed: "[C]ommonality and typicality tend to merge with the requirement of adequate representation, although the latter factor also brings into play any concerns about the competency of class counsel and any conflicts of interest that may exist." *In*

11

*re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 853 (6th Cir. 2013). As discussed above, it is clear that Subclass Representatives Owens and Ratleff have common interests with the other members of the subclass because they have suffered the same loss of insurance benefits, and they have the same legal claims as all the other members of the subclass. With respect to the adequacy of their representation of the interests of the class, the Sixth Circuit has noted that this "usually will be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members." *UAW v. GMC*, 497 F.3d 615, 626 (6th Cir. 2007). Here, that is clearly the case. Subclass Representatives Owens and Ratleff have the same stake in the outcome of this litigation as every other member of the subclass and every incentive to see the claims of the subclass prevail. Moreover, neither has any interest that is in conflict with the interests of the class. They both satisfy the fair and adequate representation requirement of Rule 23.

As the Sixth Circuit noted in *In re Whirlpool,* 722 F.3d at 853, the competency of class counsel is relevant to the issue of the adequacy of representation by the class representatives. The competency of all class counsel is discussed in Section III, G of Plaintiffs' brief supporting the motion to certify the overall class (ECF 378, pp. 22-24), and that discussion is incorporated herein by this reference.

### 5. The Delaware Retirees' subclass satisfies the requirements of Rule 23(b)

The Delaware Retirees subclass clearly satisfies the requirements of both Rule 23(b)(1)(A) and Rule 23(b)(2). In their brief in support of the motion to certify the overall class, Plaintiffs have shown that courts routinely certify classes under these provisions of Rule 23(b) in retiree insurance cases. *See, e.g., USW v. Kelsey-Hayes Co.*, 290 F.R.D. 77 (E.D. Mich. 2013); *Zino v. Whirlpool Corp.*, 2013 WL 4544518, at *3 (N.D. Ohio Aug. 27, 2013); *Sheick v. Auto. Component*

*Carrier, LLC*, 2010 WL 3070130 (E.D. Mich. Aug. 2, 2010); *Ginter v. Whirlpool Corp.*, 2009 WL 198746 (W.D. Mich. Jan. 23, 2009); *Witmer v. Acument Global Tech., Inc.*, 2009 WL 174916 (E.D. Mich. Jan. 26, 2009); *Ames v. Robert Bosch Corp.*, 2009 WL 803587 (N.D. Ohio 2009); *Sloan v. BorgWarner, Inc.*, 263 F.R.D. 470 (E.D. Mich. 2009); *Cates v. Cooper Tire and Rubber Co.*, 253 F.R.D. 422 (N.D. Ohio 2008); *Prater v. Ohio Educ. Ass'n*, 2008 WL 2566364 (S.D. Ohio June 26, 2008); *Winnett v. Caterpillar, Inc.*, 2007 WL 2044098 (M.D. Tenn. July 12, 2007); *Kerns v. Caterpillar, Inc.*, 2007 WL 2044092 (M.D. Tenn. July 12, 2007); *Reese v. CNH Am., LLC*, 227 F.R.D. 483 (E.D. Mich. 2005)

Further, the applicability of these two provisions of Rule 23(b) to all retiree insurance cases, in general, and to the Delaware Retirees subclass, in particular, is apparent. Rule 23(b)(1)(A) provides that a court may certify a class if "the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class." Here, all 320 members of the Delaware Retiree subclass were affected by the same conduct by PPG and rely on the same legal argument to vindicate their entitlement to retiree insurance benefits. Requiring each class member to file a separate legal action would generate a clear risk of inconsistent or varying adjudications that could establish incompatible standards of conduct for PPG. *See Sloan v. BorgWarner, Inc.*, 263 F.R.D. 470, 477 (E.D. Mich. 2009); *Reese v. CNH Am. LLC*, 227 F.R.D. 483, 489 (E.D. Mich. 2005).

Rule 23(b)(2) provides that certification of a class is appropriate when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Here, PPG "has acted . . . on grounds that apply generally to the [sub]class," and the Delaware

13

Retirees are seeking declaratory relief establishing that PPG violated the Delaware CBAs and injunctive relief restoring the benefits to which they are entitled. Certification under Rule 23(b)(2) is clearly appropriate. *See Int'l Union UAW v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329, at *21 (E.D. Mich. Aug. 29, 2008); *United Steelworkers v. Kelsey-Hayes Co.*, 290 F.R.D. 77, 83 (E.D. Mich. 2007).

### III. CONCLUSION

For these reasons, Delaware Retiree Plaintiffs respectfully request this Court certify the proposed Subclass, and appoint the Class Representatives and Class Counsel to represent the Subclass.

Respectfully submitted,

Dated: May 10, 2017

s/ Barry A. Macey
    Barry A. Macey

Timothy F. Cogan, Trial Counsel
Ohio Bar I.D. No. 0011493
Thomas Cunningham
Ohio Bar I.D. No. 0064658
Cassidy, Cogan, Shapell & Voeglin, L.C.
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003
Phone: (304) 232-8100
FAX:  (304)232-8200
Email: tfc@walslaw.com

MACEY SWANSON LLP
445 N. Pennsylvania St., Suite 401
Indianapolis, IN  46204
Phone:  (317) 637-2345
FAX:    (317) 637-2369
Email: bmacey@maceylaw.com

William T. Payne
Ellen Doyle
Pamina Ewing
Joel Hurt
Ruairi McDonnell
FEINSTEIN DOYLE PAYNE & KRAVEC
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburg, PA  15219
Phone:  (412) 281-8400
FAX:    (412) 281-1007
Email:  wpayne@fdpklaw.com
        edoyle@fdpklaw.com
        pewing@fdpklaw.com
        jhurt@fdpklaw.com
        rmcdonnell@fdpklaw.com

*Attorneys for Delaware Retirees*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 10th day of May, 2017 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

    s/ Barry A. Macey
Barry A. Macey

MACEY SWANSON LLP
445 N. Pennsylvania St., Suite 401
Indianapolis, IN  46204
Phone:  (317) 637-2345
FAX:    (317) 637-2369
Email:  bmacey@maceylaw.com